# SUPREME ·COURT — APPELLATE DIVISION — FIRST DEPARTMENT.

## November, 1920.

## THE PEOPLE v. MAX BRINKMAN.

### (193 App. Div. 691.)

(1) ELECTIONS—FALSE CANVASS BY ELECTION INSPECTOR—DEFENDANT PLACED TWICE IN JEOPARDY—FORMER ACQUITTAL.

On the trial of an indictment for felony under the provisions of section 766 of the Penal Law which charged the defendant, an election inspector, with making a false canvass of ballots, and also charged him with a misdemeanor under section 751, subdivision 12, of the Penal Law for making a false statement of the result of the canvass of ballots cast at a primary election, it was error for the court to deny the defendant's motion for his discharge upon the ground that he had been acquitted by a jury on a former trial on the same indictment, and hence could not be placed in jeopardy a second time, where the prior acquittal was in no way questioned.

(2) SAME.

Such motion should not be denied upon the theory that the defendant's attorney should have been offered the record of the verdict on the former trial in evidence.

(3) SAME—ERRONEOUS CHARGE AS TO INTENT OF DEFENDANT.

Where the defendant, testifying in his own behalf, stated that when signing the election return he relied upon the statements of the chairman with respect to the result of the canvass, it was error for the court to charge in substance that the only question for the jury to determine was whether the statement signed by the defendant was false in fact, and to refuse to allow the jury to consider whether the defendant's act was done intentionally or wilfully.

(4) SAME—UNAUTHORIZED CHANGE OF VERDICT OF JURY.

Where the verdict of the jury found the defendant guilty of a felony under section 766 of the Penal Law, but rendered no verdict on the second count charging a misdemeanor under section 751, it was error for the court to change the verdict of the jury from a conviction on the first count to a conviction on the second.

APPEAL by the defendant, Max Brinkman, from a judgment of an Extraordinary Trial Term of the Supreme Court, ren-

dered on the 18th day of April, 1918, and entered in the office of the clerk of the county of New York, convicting the defendant on the first count of an indictment under section 766 of the Penal Law.

*Emil E. Fuchs* of counsel (*Sanford H. Cohen* with him on the brief), for the appellant.

*John Caldwell Myers, Deputy Assistant District Attorney,* of counsel (*Robert S. Johnstone, Assistant District Attorney,* with him on the brief); *Edward Swann, District Attorney,* for the respondent.

LAUGHLIN, J. :

Defendant and three others were jointly indicted on two counts. Both counts charged that they were official primary election inspectors in the fourteenth election district of the seventeenth assembly district in and for the city and county of New York at a primary election held on the 19th of September, 1917. The first count charged them with having committed a felony under the provisions of section 766 of the Penal Law in that they intentionally made a false canvass of the ballots cast at the election and a false statement of the result of the canvass. The second count charged them with a misdemeanor for a violation of the provisions of section 751, subdivision 12, of the Penal Law, in that they made a false statement of the result of the canvass of the ballots cast at the official primary election. Both counts were left to the jury and the verdict was "guilty of first count in the indictment." No verdict was rendered on the second count. The court on sentencing appellant directed the clerk to indorse on the indictment that the verdict would be received and acted upon by the court as one for a misdemeanor; and the appellant was sentenced under the second count of the indictment, on which he

was not convicted by the jury, to confinement in the city prison for the period of six months.

After the jurors were selected and sworn and before any evidence was taken, counsel for the defendant stated that it was his understanding that his right to make motions in the case was reserved on account of his engagements, to which the court replied that his understanding was correct. He thereupon moved that the defendant be discharged on the ground that on a former trial on the indictment in the same court he was acquitted by the jury and that, therefore, he could not be placed in jeopardy a second time. Neither the district attorney nor the court questioned the accuracy of the statement, but the court denied the motion and an exception was taken. Appellant's counsel thereupon announced that he desired to plead that his client was acquitted on the former trial and he asked the court whether he was to be permitted to try that issue. The court announced that the only issues to be tried were those arising on the indictment, and an exception was taken to that ruling. The application to amend his plea by pleading an acquittal was informally made, but no objection was raised by the district attorney. By the rulings of the court, however, appellant was precluded from proving that on the former trial under the same indictment and before the same court, the jury rendered a verdict acquitting appellant under the first count and announced that they were unable to agree under the second count and that they were then discharged. It is asserted and not disputed that these were the facts, and if so they must have been known both to the representatives of the district attorney and to the court and the appellant should have been permitted to amend his plea as requested. That such are the facts is not controverted by the district attorney and the only argument made in support of the ruling of the court is that the appellant should have offered the record of the verdict on the former trial in evidence. In the circumstances the appellant should not suffer through the failure of his

attorney to offer evidence on an issue which the court had ruled could not be tried.

The court charged the jury that the uncontroverted evidence showed that appellant signed a false statement of the canvass of the votes cast at the primary election.    Appellant testified in his own behalf that in signing the statement he relied on the statements of the chairman with respect to the result of the canvass.    The court instructed the jury not only that the appellant was not justified in relying on the statements of the chairman of the board but that it was his duty to know and he was presumed to know the facts and that he could not excuse himself by the action of the chairman and that the only question for the jury to determine was whether the statement signed by the appellant was false in fact.    At the close of the charge counsel for the appellant requested the court to instruct the jury that defendant was not charged with neglect of duty and that the jurors were the judges of the fact as to whether or not the act with which the appellant was charged " was done intentionally or wilfully."    The court declined to charge on those points further than as already charged, and exceptions were duly taken.    The charge on the subject of whether the act was done intentionally and willfully was to the effect that the appellant was presumed to know the law, and that a man is presumed to intend to do an act which he does and to intend the natural consequences of any act he does, and that if the jury would reflect it would be difficult for them to conceive of any act that can be done without that act being intentional, and that the law presumes that a rational man in the possession of his senses who does an act intended to do the act, and that the difference in meaning between the word " intentionally " and the word " wilfully " is " somewhat shadowy " and that a man who does an act of his own volition does it wilfully.    The charge with respect to the meaning of " intentionally " and " wilfully " was in substance the same as that in People v. Luft (192 App. Div. 713), where it was

held to be erroneous, and on that ground this court reversed the conviction of the defendant and granted a new trial. These errors were not cured by the unauthorized action of the court in changing the verdict of the jury from a conviction on the first count to a conviction on the second.

It follows that the judgment of conviction should be reversed and a new trial granted.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concur.

Judgment reversed and new trial granted. Settle order on notice.

## NOTE ON § 751, PENAL LAW, POLITICAL MISDEMEANOR.

Section 751, Penal Law, was derived from Penal Code, § 41, as added by Laws 1890, ch. 94, and Laws 1892, ch. 693; Laws 1895, ch. 721; Laws 1897, ch. 255; Laws 1898, ch. 197; Laws 1899, ch. 530; Laws 1905, ch. 62, sub. 10, as amended Laws 1901, ch. 371.

This section refers only to primary elections and conventions, or activities with respect to a nomination to office. (People v. Foster, 60 Misc. 3; People v. Extraordinary Term, 184 App. Div. 829; reversed on other grounds, 228 N. Y. 463.) But see People v. Knott, 187 App. Div. 604, revg. 104 Misc. 378, and affd. 228 N. Y. 608, where it was held that the provision of subdivision 12 of this section that any officer of a political committee or a convention, who wilfully omits, refuses or neglects to do any act required by the Election Law or otherwise by law, or violates any of the provisions of the Election Law, shall be guilty of a misdemeanor, applied to general elections.

It seems that an election officer failing to perform his duty under a constitutional statute is guilty although his failure is covered by a writ of an inferior court, holding the statute unconstitutional. (People v. McDonald, 52 N. Y. S. 989.)

This section is intended to punish a person who offers to pay money or other valuable thing to another person to induce a specific voter to vote or refrain from voting in a particular manner at convention. It seeks to prevent corrupt bargaining to induce a particular voter or number of voters to vote in a particular manner. It has reference wholly to individual action and its meaning is made even more plain by reference to the subdivisions 8 and 9 thereof. (People v. Willett, 213 N. Y. 368, affirming 164 App. Div. 1.)

The term ''wilfully'' as used in this section means something more than a voluntary and intentional act. It includes the idea of an act intentionally done with a wrongful purpose or with a design to injure another, or one committed out of mere wantonness or lawlessness. (People v. Calmbacher, 103 Misc. 405; People v. Luft, 192 App. Div. 713; People v. Lilymeld, 192 App. Div. 719.)

A delegate to a judicial convention who received money from a candidate to procure his influence ostensibly as the purchase price of stock of doubtful value, is subject to prosecution under this section as well as the candidate who thus purchases his influence. (People v. Quinn, 150 App. Div. 813.)

No enrolled member of a political party, or any person who, having voted at the political caucus or primary election of a political party on the same day, or while his name was, by his consent or procurement, upon the rolls of a party organization of another party, has any right to cast a vote at the caucus or primary of another party. (Matter of Moore, 108 Misc. 570.)

Formerly section 770 granted immunity to a person giving or accepting a bribe who should give testimony with reference thereto, but as the provision did not apply to caucuses or conventions, it was held that a witness could not be compelled to testify before a grand jury as to whether anyone had offered him a bribe to influence his vote at a convention, and who the person was. (People v. Lewis, 14 Misc. 264.)

The act of the officers of a convention in refusing to seat delegates as required by a valid court order may be punished under this section. (Matter of Lazarus, 140 App. Div. 406.)

The wilful failure of the treasurer of a political committee to comply with the requirements of section 546 of the Election Law is a misdemeanor. (People v. Knott, 187 App. Div. 604, affd. 228 N. Y. 608.)

Prior to Laws 1895, ch. 721, it was provided that a violation of this section should constitute a misdemeanor, and that act added the provision ''punishable by imprisonment for not more than one year.'' It was *held* that the amendment did not apply to crimes theretofore committed, and that such offenses might be punished under the pre-existing statute. (People v. England, 91 Hun, 152.)